UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael A. K.,                                              Civ. No. 20-1584 (PAM/DTS)

                    Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Kilolo Kijakazi, Acting Commissioner of
Social Security,

                    Defendant.

---

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is granted, Defendant's Motion is denied, and this matter is remanded to the Commissioner for further proceedings.

**BACKGROUND**

Plaintiff Michael A. K. filed an application for Supplemental Security Income benefits on May 24, 2017. (Admin. R. (Docket No. 21-3) at 126.) Plaintiff alleges that he became disabled on March 31, 2017, as a result of chronic fatigue syndrome, autism spectrum disorder, attention deficit/hyperactivity disorder ("ADHD"), depression, anxiety, and obstructive sleep apnea.

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only

if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy.

Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

The Administrative Law Judge ("ALJ") determined after a hearing that Plaintiff had several severe impairments: chronic fatigue syndrome/myalgia, autism spectrum disorder, depression, and generalized anxiety disorder.  (Admin. R. (Docket No. 21-2) at 14.)  The ALJ also noted that Plaintiff suffered from other non-severe impairments but she did not list those non-severe impairments.  (Id.)

The ALJ then determined that none of Plaintiff's severe impairments met or medically equaled the requirements of listed impairments.  (Id. at 14-16.)  The ALJ found that Plaintiff's residual functional capacity ("RFC") allowed him to perform light work with multiple activity restrictions.  (Id. at 17.)  Finally, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy and that he was therefore not disabled.  (Id. at 24.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that he was not disabled.  Plaintiff contends that the ALJ erred in not considering all of his impairments and not considering the effect of those impairments, taken together.  Plaintiff asks the Court to either reverse the ALJ or to remand the case to the ALJ for a more fulsome consideration of the evidence of his impairments.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence . . . is more

than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation

omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229

(1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court

finds it is possible to draw two inconsistent positions from the evidence and one of those

positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision."

Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff first argues that the ALJ's failure to address his diagnosed ADHD

constitutes legal error. Defendant responds that it is Plaintiff's burden to establish his

disabling conditions, and notes that Plaintiff did not mention ADHD in his application for

benefits. But as Plaintiff notes, it is the ALJ's responsibility to examine all medical

evidence and determine whether any of Plaintiff's diagnosed medical or mental conditions

rise to the level of a severe impairment. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th

Cir. 2001). The medical evidence here contains several references to Plaintiff's ADHD.

(E.g., Admin. R. at 319, 403, 505-11.) The ALJ's failure to specifically account for this

diagnosis in her discussion means that the Court cannot determine whether substantial

evidence supports her implicit decision to discount this serious diagnosis.

Further, as Plaintiff contends, the ALJ erred in not addressing Plaintiff's severe

sleep apnea. Although substantial evidence may support the ALJ's conclusion that

Plaintiff's sleep apnea did not rise to a listing-level impairment, the ALJ erred in failing to

explicitly consider the limitations that would likely result from what Plaintiff's medical

records note is a severe condition.

Finally, the Court agrees with Plaintiff that the ALJ did not sufficiently analyze his severe impairment of chronic fatigue syndrome.  Rather than conducting the required analysis, the ALJ appeared to merely discount Plaintiff's subjective complaints in this regard.  Her dismissal of his treatment because it was "routine" and "outpatient-only" ignores the Centers for Disease Control's statement that there is no accepted treatment for this disorder, and the Social Security Administration's own guidance that treatment for chronic fatigue syndrome is often sporadic, and that "[c]onflicting evidence in the medical record is not unusual."  Evaluating Claims Involving Chronic Fatigue Syndrome (CFS), Social Security Ruling 14-1p, 79 Fed. Reg. 18750-02, 18573 (Apr. 3, 2014).  Moreover, the ALJ did not attempt to reconcile Plaintiff's severe chronic fatigue syndrome and his other impairments, severe or otherwise.  The Commissioner must determine whether the combination of Plaintiff's impairments renders him unable to perform substantial gainful activity.  The ALJ's failure to sufficiently account for Plaintiff's chronic fatigue syndrome shows that this determination was not supported by substantial evidence.

Because the ALJ did not consider all of Plaintiff's conditions nor fully analyze the effect of the combination of these conditions, remand is appropriate.  On remand, the ALJ is directed to consider all of Plaintiff's medically determinable medical and mental-health conditions, including his ADHD, sleep apnea, and chronic fatigue syndrome, and to fully evaluate whether the combination of his conditions could reasonably produce the disabling impairments he claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.      Plaintiff's Motion for Summary Judgment (Docket No. 28) is **GRANTED**;

2.      Defendant's Motion for Summary Judgment (Docket No. 31) is **DENIED**;

and

3.      This matter is **REMANDED** to the Commissioner pursuant to sentence four

of 42 U.S.C. § 405(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: <u>Monday, August 2, 2021</u>                    *s/ Paul A. Magnuson*
                                                 Paul A. Magnuson
                                                 United States District Court Judge